IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DON P. WILSON, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| vs. : | No. 5:04-CV-141 (CAR) |
| : | |
| WILSON BUSH, : | |
| : | |
| Defendant. : | |

*ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

Before the Court are Defendant's Motion for Summary Judgment [Doc 33], and Plaintiff's cross Motion for Summary Judgment [Doc 35]. In this case, Plaintiff alleges Defendant stole a piece of his real property in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and 42 U.S.C. § 1983. No Response to either motion was filed by the parties. After review of the sparse record in this case, the Court finds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**. The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendant and, as addressed in more detail below, to **DISMISS** Defendant's Counterclaim without prejudice.

BACKGROUND

Plaintiff, proceeding *pro se*, claims that Defendant, an attorney who also is representing himself in this action, wrongfully initiated a petition to quiet title on behalf

1

of a client, and in so initiating that action, in effect stole Plaintiff's property in violation of RICO and 42 U.S.C. § 1983. Defendant asserts a counterclaim against Plaintiff claiming this lawsuit is frivolous and seeks an unspecified amount of damages and reasonable attorney's fees.

Plaintiff originally filed this action against Defendant and four judges. The judges were all dismissed by this Court pursuant to judicial immunity, leaving only this Defendant. [Doc 17]. Eight days prior to the scheduled pretrial conference, Defendant filed his Motion for Summary Judgment, well beyond the time limit set forth in the scheduling and discovery order and without permission from this Court. Defendant's motion was supported by a memorandum of law and evidence. The next day, Plaintiff filed his cross motion for summary judgment. Plaintiff's motion merely accuses Defendant of lying and fails to provide this Court with any evidence or arguments of merit to support his § 1983 and RICO allegations. Plaintiff failed to appear at the pretrial conference, and the Court indicated at that conference it was inclined to rule on the merits of the cross-motions for summary judgment despite their untimeliness. [Doc 37].

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a

properly supported motion for summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.  Celotex, 477 U.S. at 323 (internal quotation marks omitted).  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324-26.  This evidence must consist of more than mere conclusory allegations or legal conclusions.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Ultimately, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  Celotex, 477 U.S. at 323.

## FINDINGS OF FACT

The facts relied upon by the Court in arriving at its decision, come from the Plaintiff's complaint and the evidence Defendant submitted with its motion for summary judgment.  Plaintiff did not present the Court with any evidence and merely rests on his pleadings.

It appears Plaintiff was the sole owner of stock of Clayton Development, Inc. ("Plaintiff's Corporation"), the owner of record of a tract of property known as Lot 126 of Cherokee Lakes Estates Subdivision located in Butts County, Georgia ("Lot 126"). In October 1999, Lot 126 was sold to Joseph C. Patterson at public outcry for ad valorem property taxes owing for the years 1996, 1997 and 1998. Approximately a year and a half after he bought Lot 126, Patterson sold the property to Randall H. Wrye. Wrye then engaged Defendant as his attorney to eliminate any clouds on the title of Lot 126 and to establish fee simple ownership in Wrye. Thereafter, Defendant filed a petition to quiet title in Butts County Superior Court against Plaintiff's Corporation and all other persons who may have had a claim to Lot 126.

Plaintiff claims Defendant failed to give him notice of the quiet title action, despite the fact Defendant knew where to serve him. Defendant's evidence, however, shows that at least four attempts to mail notice to Plaintiff's Corporation were returned, and therefore Defendant served Plaintiff's Corporation notice by publication. The Report of Special Master found that all parties had been properly served and that title to Lot 126 should be granted to Wrye. A Butts County Superior Court Judge entered the order to quiet title vesting fee simple title in Wrye. Over a year later, in Butts County Superior Court, Plaintiff filed a motion to vacate the quiet title order and claimed Defendant violated Georgia's RICO statute. The superior court judge denied Plaintiff's motion because Plaintiff failed to appear for the scheduled hearing. Plaintiff now seeks redress in this Court asserting § 1983 and RICO claims against Defendant.

**CONCLUSIONS OF LAW**

*§ 1983 Claim*

Plaintiff cannot maintain his § 1983 claim against Defendant.  Plaintiff claims Defendant's initiation of quiet title to Lot 126 and his failure to properly serve Plaintiff's Corporation notice, deprived Plaintiff of his property in violation of his constitutional rights.  To state a claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant, acting under color of state law, deprived the plaintiff of a right protected under the Constitution or laws of the United States.  Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986).  In addition, the plaintiff must prove an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  See Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1165 (11th Cir. 2005).  Plaintiff fails to meet these requirements.

Defendant was in no way "acting under color of state law."  A § 1983 claim requires Plaintiff to show that the conduct complained of was committed by a person acting under the color of state law at the relevant time.  Loren v. Sasser, 309 F.3d 1296, 1303 (11th Cir. 2002).  Action is considered to be under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State.  Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).  This requirement excludes from its reach merely private conduct.  See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-1277 (11th Cir. 2003) (citation omitted).  In fact, it

is a rare circumstance where a private party can be viewed as a state actor for § 1983 purposes.  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

In initiating the petition to quiet title, Defendant was not acting under color of state law.  Defendant was acting as private attorney on behalf of his client, who purchased Lot 126 after the lot had been sold for unpaid ad valorem property taxes.  Defendant's representation of his client can in no way be attributed to the state.  Because Plaintiff's § 1983 claim fails for lack of a state actor, the Court need not address the remaining requirements needed to maintain a § 1983 claim.

*RICO Claim*

Plaintiff's RICO claim against Defendant also fails.  The RICO Act provides a private civil remedy to recover damages to "[a]ny person injured in his business or property by reason of a violation" of the substantive provisions contained in § 1962 of the RICO Act.  18 U.S.C. § 1964(c).  "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000).  Plaintiff fails to meet these requirements.

Most obviously, Plaintiff fails to prove a "pattern of racketeering activity."  In Section 1961(5) the term "pattern of racketeering activity" is defined to require "at least two acts of racketeering activity" from among the specific offenses listed in Section 1961(1).  Racketeering activity within the terms of the statute is generally comprised of indictable, criminal offenses.  Plaintiff's allegation that Defendant stole his property when Defendant petitioned the Butts County Superior Court for quiet title to Lot 126 is

one act and does not fall within the definition of "pattern of racketeering activity." Because Plaintiff does not show at least two predicate acts of racketeering activity, Plaintiff's RICO claim fails, and the Court need not discuss the remaining requirements needed to maintain a RICO action.

**Counterclaim**

Defendant's counterclaim asserting Plaintiff's claims are frivolous and filed merely to harass Defendant does not create an independent cause of action for damages and must be dismissed. Defendant has not provided, nor has the Court on its own accord found, any legal basis for an independent cause of action for a frivolous and harassing lawsuit. The most obvious legal authority addressing frivolous and harassing lawsuits is Rule 11. Defendant cannot invoke Rule 11 to provide an independent cause of action for sanctions or damages. See Carbaljal-Ramirez v. Bland Farms, Inc., 234 F. Supp. 2d 1353, 1355 (S.D. Ga. 2001). Defendant may, however, file a separate motion for Rule 11 sanctions.

Likewise, the vexatious litigation statute, 28 U.S.C. § 1927, does not create an independent cause of action. "One pursues § 1927 relief through an attorney fee petition, see Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 914 n.3 (11th Cir. 1982), not a counterclaim." Id. For the foregoing reasons, Defendant's counterclaim is dismissed without prejudice.

Defendant also requests attorney's fees. However, Defendant has not provided the Court with any legal authority in support of such request nor has Defendant provided any evidence as to the amount of attorney's fees Defendant should receive.

Absent such evidence, the Court will delay its decision on this issue at this time. The Court **DIRECTS** Defendant to submit a brief in support of his request for attorney's fees within 30 days of the date this Order is docketed addressing the above-identified issues.  Plaintiff will then have 10 days to respond to Defendant's brief.  If Defendant does not file the brief within the 30 days, any claim for attorney's fees shall be deemed waived.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.  The Clerk of Court is directed to enter **JUDGMENT** in Defendant's favor as to all of Plaintiff's claims and to **DISMISS WITHOUT PREJUDICE** Defendant's counterclaim.

**SO ORDERED** this 15th day of March, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/aeg